CERTIFIED AUG 1 8 2025
AS A TRUE COPY:
ATTEST: AUG 1 8 2025
RANDALL C. LOHAN, CLERK
BY
Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SAP SE, ET AL.,
PATENT LITIGATION

MDL No. 3158

## TRANSFER ORDER

**Before the Panel:**[*] Defendants[1] in these patent infringement actions move under 28 U.S.C. § 1407 to centralize this litigation in the District of Delaware or, alternatively, the Northern District of Illinois or the Eastern District of Pennsylvania. This litigation consists of four actions pending in the District of Delaware, the Northern District of Illinois, and the Eastern District of Pennsylvania, as listed on Schedule A. Plaintiffs[2] oppose centralization.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of Delaware will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that defendants, all of which are related companies, infringed one or more of eight patents concerning data processing, access, and transfer techniques used by defendants as part of their trading and market analytics platforms. Centralization is warranted to eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to claim construction and issues of patent validity); and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization, patentholder plaintiffs argue that no patent is common to all actions, each case involves a unique defendant and unique allegedly infringing products, and the patents are not sufficiently related to warrant centralization. We do not find these arguments persuasive. While no patent is common to all actions, four of the eight patents are involved in three of the four actions. Defendants are separate companies, but they are related, sharing the same parent company. The two Northern District of Illinois actions, which together involve seven of the eight patents, have been consolidated. This suggests that there are enough similarities among

---

[*] Judge David C. Norton did not participate in the decision of this matter.

[1] TSX Alpha U.S., Inc. (TXS Alpha), TMX Group Limited (TMX Group), and Trayport Limited (Trayport). Since the close of briefing, the parties in the Eastern District of Pennsylvania action have stipulated to replace defendant TMX Group with TSX Inc.

[2] SAP SE, Business Objects Software Ltd., and Sybase, Inc.

- 2 -

the patents that centralization of all of the actions in the various districts may offer important efficiencies.

Plaintiffs also argue that informal coordination among the parties and the involved courts is preferable to Section 1407 centralization. To be sure, only four actions are pending in three districts, and two of them have been consolidated. Despite the low number of cases and involved courts, we see a significant possibility of duplicative pretrial proceedings, conflicting schedules, and inconsistent rulings absent centralization—particularly with respect to complex and time-consuming tasks such as claim construction and ruling on issues of patent validity. Indeed, motions to dismiss have been briefed and are pending in all three districts. The efficiencies to be gained, for both the parties and the judicial system, by having a single court overseeing claim construction and discovery relating to the patents are substantial. In these circumstances, centralization is superior to any voluntary efforts by the parties and the judges presiding over these cases.

The District of Delaware is an appropriate transferee district for this litigation. At least one plaintiff and one defendant are incorporated there, and it is convenient to the several international parties. Judge Maryellen Noreika has not yet had the opportunity to serve as a transferee judge, and we are confident she will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Maryellen Noreika for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
Roger T. Benitez             Dale A. Kimball
Madeline Cox Arleo

IN RE: SAP SE, ET AL.,
PATENT LITIGATION

MDL No. 3158

## SCHEDULE A

<u>District of Delaware</u>

SAP SE, ET AL. v. TSX ALPHA U.S. INC., C.A. No. 1:25−00232

<u>Northern District of Illinois</u>

SAP SE, ET AL. v. TRAYPORT LIMITED, C.A. No. 1:25−00562
SAP SE, ET AL. v. TRAYPORT LIMITED, C.A. No. 1:25−02075

<u>Eastern District of Pennsylvania</u>

SAP SE, ET AL. v. TSX Inc., C.A. No. 2:25−01038